

FILED

NOT FOR PUBLICATION

MAR 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: SOPHIE H. NG,

　　　　　Debtor,

_____

PATRICIA ISABELLE HEWLETT,

　　　　　Appellant,

　v.

JANINA M. ELDER,

　　　　　Appellee.

No. 10-15528

D.C. No. 3:09-cv-04670-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted February 15, 2011[**]

Before:　　CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Patricia Isabelle Hewlett appeals pro se from the district court's order

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

affirming the bankruptcy court's judgment disallowing her proof of claim in Sophie H. Ng's bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo. *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000). We affirm.

The bankruptcy court properly disallowed Hewlett's proof of claim because she failed to prove its validity by a preponderance of the evidence. *See id.* The record shows that Hewlett disobeyed the bankruptcy court's order compelling her to respond to the bankruptcy trustee's discovery requests, and failed to respond to the bankruptcy trustee's second request for admissions. Accordingly, the bankruptcy court properly precluded Hewlett from introducing evidence to support her damages claim, *see* Fed. R. Bankr. P. 7037, and properly deemed admitted the matters set forth in the request for admissions, *see* Fed. R. Bankr. P. 7036.

We are not persuaded by Hewlett's contention that the September 1, 2009 hearing was improperly held without her attorney because the bankruptcy court had previously excused her attorney as counsel in the adversary proceeding.

Hewlett's remaining contentions are unpersuasive.

We do not consider Hewlett's contentions that were not raised in her opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)

**AFFIRMED.**